## CARTER & LOGAN v. GARRETT.

1. Upon a bill filed for an injunction, against an alledged usurpation of the complainant's right to the exclusive privilege of a ferry, at a place designated, describing himself as the lessee of the ferry from the commissioners of the seat of justice for Bibb county, a body corporate, to whom the ferry was granted by the court of revenue and roads for said county, the complainant is not entitled to relief, having failed to prove the corporate character of the commissioners, or a lease from them to him; these facts being put in issue by the answer.

2. The execution of a bond by the persons styling themselves commissioners of the permanent seat of justice for Bibb county, is not proof of the fact as against third persons.

Error to the 20th Chancery District.    Before the Hon. W. W. Mason, Chancellor.

THE facts of the case sufficiently appear from the opinion of the court.

A GRAHAM, for the plaintiffs in error.
No counsel for defendant.

CHILTON, J.—The bill in this case, which was filed by the defendant in error charges, that in the year 1831, the commissioners of the seat of justice of Bibb county, and who constitute a body corporate, applied to the commissioners' court of revenue and roads for said county, for license to establish a ferry at Centreville, in said county, across the Cahawba river, for the use and benefit of the county, which license was granted on the 2d May, 1841, and the rates of ferriage duly prescribed. That the commissioners to whom the license was granted entered into bond as required by law, and performed the duties of public ferrymen up to the — day of December, 1844, when they leased the ferry to defendant in error for the year 1845, at the price of $720, and he indemnified the commissioners against any loss or liabil-

ity arising from his failure to perform his duty.    That being in possession of the ferry, and properly exercising the duty required by law of such carriers, the plaintiffs in error, on the 10th January, 1845, without any authority from the commissioners of roads and revenue, established a ferry about three hundred yards above the ferry of said Garrett, on the same stream, and were exercising the privilege of public ferrymen for pay, thereby disturbing the defendant in error in the enjoyment of his privilege, and greatly lessening his profits.    That plaintiffs in error have erected finger boards, directing travellers to their ferry, as the cheaper one, and as having better boat, banks, &c.    That Logan and Carter are insolvent, so that a suit at law would be unavailing.    That they entered into bond on the 8th January, 1845, and tendered it to the judge of the county court, which he disapproved, but allowed it to be spread on the record if the parties desired it, and which was thus recorded.    The bill prays a perpetual injunction against the exercise of the privilege of ferrymen by plaintiffs in error, at the point designated, which was granted on the 3d February, 1845.

The defendants below answer the bill, and aver, that as tenants at will of the heirs of Mrs. Sarah F. Chotard, deceased, they have the right to exercise the privilege of keeping a ferry, (which right was granted to her in 1822, by the court of roads and revenue of Bibb county,) at the point where said ferry is now established.    And they deny that the commissioners of the seat of justice had the capacity to receive and hold the franchise claimed to have been leased by Garrett.    They also require proof of such lease, and insist that the commissioners' court had no authority to grant the privilege, as Mrs. Chotard owned the land embracing both banks of the river.    Several witnesses were examined, who proved, that when the ferry was established in favor of the commissioners, Mrs. Chotard had a ferry where defendants below were running their boat, and that for want of patronage, the ferry was not kept up, but had been discontinued for some twelve or thirteen years.

The only record evidence introduced, and indeed the only evidence for the complainant below, were the records of

92

Carter & Logan v. Garrett.

the court of roads and revenue, showing that on the 2d May, 1831, the commissioners for the permanent seat of justice of Bibb county, were authorized to establish a public ferry across the Cahawba river, at the point indicated by the order, and they were required to give bond, &c. Also, a copy of the bond executed by Samuel Davidson and George Howard, who style themselves commissioners of the seat of justice, with security, and which was duly approved and ordered to be recorded, dated the 14th January, 1832. There is no proof of the corporate character of the commissioners, nor of any lease to the complainant below.

It is most obvious that the complainant below totally failed to make out his case. There is no proof whatever as to the persons who executed the alledged lease to him, and this is put in issue by the answers. Nor is there any proof to be found in the record of who constituted the board of commissioners for the permanent seat of justice for Bibb county, except the mere recital in the bond given by Davidson, Howard, and Perkins, which describes the two former as commissioners. Whether they were in fact at any time commissioners, and if so, whether they held their office up to the time of the alledged lease, and executed it—or whether in fact any such lease was made by any one, are matters about which there is a total failure of proof.

It was incumbent on the complainant below not only to prove his lease, but to go further, and show, that the persons who executed it, had a right to the franchise alledged to be violated by defendants below. See 1 Daniell's Ch. Pr. 371. This was not done by the production of the record of the court of roads and revenue, showing that in May, 1831, a license to establish a ferry was granted "to the commissioners of the permanent seat of justice of Bibb county," and the execution of a bond some eight months thereafter, by two persons styling themselves such. Such being our view of the case, it is unnecessary to examine the other questions raised. Let the decree of the chancellor be reversed, and the bill be dismissed, and it is ordered that the defendant in error pay the cost of this court, and of the chancery court.